UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1342

DELORICE BRAGG, as Administratrix of the Estate of; DON
ISRAEL BRAGG; FREDA HATFIELD, as Administratrix of the
Estate of; ELLERY HATFIELD,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.   John T. Copenhaver,
Jr., District Judge.  (2:10-cv-00683)

Argued:  May 17, 2012                    Decided:  June 11, 2013

Before AGEE, DAVIS, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Bruce E. Stanley, REED SMITH, LLP, Pittsburgh,
Pennsylvania, for Appellants.   Benjamin Seth Kingsley, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
**ON BRIEF:** Colin E. Wrabley, Alicia M. Schmitt, Lucas Liben, REED
SMITH, LLP, Pittsburgh, Pennsylvania, for Appellants.   Tony
West, Assistant Attorney General, Mark B. Stern, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C.; R. Booth Goodwin II,
United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

As representatives of the estates of two deceased coal miners, Appellants brought this negligence and wrongful death action against the United States of America under the Federal Tort Claims Act ("FTCA"). Appellants alleged that the negligence of the Mine Safety and Health Administration in its safety inspections of the Aracoma Coal Company's Alma Mine contributed to a fire that resulted in the death of the miners.

The FTCA waives the United States' sovereign immunity for torts committed by federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The district court dismissed Appellants' action because, in its view, under West Virginia law, a private person under like circumstances to those alleged against the United States would not be liable in a negligence action for the wrongful death of the miners.

This Court, recognizing that Appellants' challenge of the district court's decision turned on a question of West Virginia state law, certified the following question to the Supreme Court of Appeals of West Virginia pursuant to the Uniform

Certification of Questions of Law Act, W. Va. Code § 51-1A-1 et seq.:

> Whether a private party conducting inspections of a mine and mine operator for compliance with mine safety regulations is liable for the wrongful death of a miner resulting from the private party's negligent inspection?

Bragg v. United States, 488 F. App'x 672, 673 (4th Cir. 2012).

The Supreme Court of Appeals of West Virginia unambiguously answered our question in the affirmative. That court stated that factors including "the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden" on a defendant "weigh in favor of finding that a safety inspector owes a duty of care to the employees whose safety the inspection is intended to secure." Bragg v. United States, __ S.E.2d __, 2013 WL 490776, at *10 (W. Va. Feb. 5, 2013) (quotation marks omitted). The court plainly "h[e]ld that a private inspector who inspects a work premises for the purpose of furthering the safety of employees who work on said premises owes a duty of care to those employees to conduct inspections with ordinary skill, care, and diligence commensurate with that rendered by members of his or her profession." Id.

In light of this helpful state law guidance, it is now clear that the district court's dismissal of the Appellants' suit on the basis that a private person under circumstances

analogous to those alleged against the United States would not be liable under state law was erroneous.  For this reason, we vacate the district court's dismissal of Appellants' complaint and remand the matter for further proceedings.

<u>VACATED AND REMANDED</u>